**NATIONAL LABOR RELATIONS BOARD, Plaintiff-Appellant,**

v.

**MEMPHIS FURNITURE MANUFAC- TURING COMPANY,
Defendant-Appellee.**

No. 77–1647.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 7, 1977.

Decided March 11, 1980.

Elliott Moore, William Stewart, Deputy Associate Gen. Counsel, N.L.R.B., Collis Suzanne Stocking, Washington, D. C., Raymond A. Jacobson, Director, Region 26, N.L.R.B., Memphis, Tenn., for plaintiff-appellant.

Gordon E. Jackson, Michael R. Forman, Memphis, Tenn., for defendant-appellee.

Before LIVELY, KEITH and MERRITT, Circuit Judges.

## ORDER

This case is before the Court on application of the National Labor Relations Board (NLRB) for enforcement of its order issued against Memphis Furniture Manufacturing Company (Company) reported at 232 NLRB 164. The Board found that Respondent engaged in unfair labor practices and had violated §§ 8(a)(1) and (3) of the National Labor Relations Act (Act), 29 U.S.C.A. § 151 *et seq.* by (1) issuing warnings to employees, Amy Harsch and Vickie Harris, because of their union activities and (2) by interrogating employee, Arthur Presley, about his union activities and discharging him because he filed unfair labor practice charges with the Board. Respondent claims that Presley was a supervisory employee and therefore subject to termination in the Company's discretion. Respondent seeks review of these two issues along with the question of whether the Board properly denied their post-hearing motions to reopen the record to admit additional evidence. We hold that the decision of the Board is supported by substantial evidence. There was no due process violation when the Board refused to reopen.

■ Vickie Harris was given a warning for not obtaining permission to leave her station during working hours. The incident that precipitated the warning consisted of leaving her station after the Company secretary had reported to her that someone wished to see her outside the plant. When her supervisor, Boalus, could not be found, she obtained permission from the cutting supervisor, Westbrook, to leave her station. Upon discovery that the person who wished to see her was a union representative she immediately returned to work. Amy Harsch, who had been an employee for twelve years without a reprimand, was issued a warning for allegedly harassing the other women employees. Employee Harsch was an active union supporter and she distributed union cards in the ladies' restroom. She and Harris both wore union T-shirts and distributed union literature to Company employees. The record supports the Board's finding that the two employees were disciplined in violation of § 8(a).

Arthur Presley, who had worked for the Company since 1972, was observed by someone in the Company standing on a street corner near the plant talking with two union representatives. Presley was on vacation leave. When he returned to work the next day, Oseman, the Company's warehouse manager, questioned him about the incident. Presley filed an unfair labor practice charge against the Company because of the interrogation. Two weeks later Presley was again summoned to Oseman's office where he was informed that he was discharged because of his union association and because he had filed charges with the Board.

■ Respondents allege that Arthur Presley, a shipping clerk, was a supervisor and, therefore, under 29 U.S.C.A. § 164, would not come within the "employee" status of the Act as it relates to collective bargaining. Their allegation that Presley is a supervisor rests on several factors: (1) that he is a salaried employee; (2) he participates in the salaried supervisory bonus program; (3) he does not punch a time

clock; (4) he is paid for sick or absent days from work; (5) he attends supervisor's meetings to discuss Company policy; (6) he is not paid for overtime work; and (7) he attends supervisory parties. There is, however, substantial evidence for the Board's findings that Presley had no power to hire, fire, transfer or assign employees and exercised no managerial discretion or independent judgment. We agree that he was not a supervisory employee.

Accordingly the order of the Board is enforced.